# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **TWO PLUS TWO NIGHT CLUB,**<br>**Appellant/Defendant,**<br><br>v.<br><br>**IDEALFONSO ENCARNACION,**<br>**Appellee/Plaintiff.** | Case Number: **SX-2011-RV-00014**<br>Action: **Magistrate Appeal** |

## NOTICE of ENTRY
## of
## JUDGMENT/ORDER

**To:**   Judges and Magistrate Judges of the
Superior Court
Emile A. Henderson, III, Esq.
Renee D. Dowling, Esq.
IT/Law Library/Law Clerks
Order Book

**Please take notice that on July 29, 2022**
a(n)        **MEMORANDUM OPINION AND ORDER**
        dated        **July 29, 2022**        was/were entered
**by the Clerk in the above-titled matter.**

Dated:   **July 29, 2022**

                                             **Tamara Charles**
                                             **Clerk of the Court**

        By:

                                             *Paula Clayton*
                                             **Paula Claxton**
                                             **Court Clerk III**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

Two Plus Two, Inc.,

        Petitioner / Defendant,

        v.

Idealfonso Encarnacion,

        Respondent / Plaintiff.

Petition for Review
SX-2011-RV-14

(On Appeal of a Matter
in Magistrate Court
SX-2011-SM-232)

## ORDER AFFIRMING MAGISTRATE'S DECISION

This matter came before the Court on appeal by petitioner Two Plus Two, Inc. filed on October 3, 2014, and respondent Idealfonso Encarnacion's opposition thereto filed on October 22, 2014. For the reasons mentioned in the Memorandum Opinion filed in this matter on even date herewith, it is hereby

ORDERED that **the Magistrate Court's Decision in this matter entered on July 7, 2011, is AFFIRMED.**

DATED: July 29, 2022

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
Tamara Charles
Clerk of the Court
By: _Paula Clarion_
Court Clerk III
Date: _7-29-2022_

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

Two Plus Two, Inc.,

           Petitioner / Defendant,

           v.

Idealfonso Encarnacion,

           Respondent / Plaintiff.

Petition for Review
SX-2011-RV-14

(On Appeal of a Matter
in Magistrate Court
SX-2011-SM-232)

Cite as: 2022 VI Super 70U
## MEMORANDUM OPINION
(Filed July 29, 2022)

Andrews, Jr., *Judge*

## INTRODUCTION

¶1    Petitioner, a night club owner, rented its facility to Respondent, a social events promoter, to hold a dance. Almost two years later, Respondent filed suit in Small Claims Court alleging he lost profits due to Petitioner's refusal to allow patrons to utilize the upstairs of the dance venue. Petitioner claimed that the contract was for rental only of the downstairs portion of the venue. After a trial, the Magistrate Court concluded that the contract contemplated rental of both floors of the venue. It entered judgment in favor of Respondent for profits lost due to Petitioner's breach of contract. Petitioner appeals the Magistrate Court's decision alleging it erred by concluding that the contract contemplated rental of both floors

of the venue. For the reasons mentioned below, this Court affirms the Magistrate Court's decision.

## JURISDICTION AND STANDARD OF REVIEW

¶2 This Court has jurisdiction to hear appeals from final orders or judgments of the Magistrate Division that completely resolve the merits of cases heard pursuant to its original jurisdiction. 4 V.I.C. § 125; Super. Ct. R. 322(a). In reviewing such orders or judgments, the original case file, including all exhibits and evidence taken, and the transcript of proceeds, if any, shall constitute the record on appeal. Super. Ct. R. 322(b)(6). This Court reviews the magistrate court's factual determinations for clear error and subjects its legal conclusions to plenary review. Super. Ct. R. 322.3(b)(1) and (2). Clear error exists where the magistrate's decision is completely devoid of minimum evidentiary support or where it bears no rational relationship to the supportive evidence. Sam's Food Distributors, Inc. v. NNA&O, LLC, 73 V.I. 453, 469 (V.I. 2020); Henry v. Dennery, 55 V.I. 986, 992 (V.I. 2011). In conducting plenary review, this Court applies the same legal standard as the magistrate court to the same record. Id. at 991.

## FACTS

¶3 The following represents the Magistrate Court's factual findings. Order, July 7, 2011, pp 1 – 4; Ex. 1 (Rental Contract).

Elsworth S. Jones, is the president and principal owner of petitioner Two Plus Two,

Inc., d/b/a Two Plus Two Restaurant & Night Club (TPT). He regularly hosts

events in its two-story structure located at Plot No. 17J La Grande Princess,

Christiansted, St. Croix. The lower floor is primarily used as a night club/bar and

the upper floor functions primarily as a restaurant/lounge. The upper floor opened

for business mere days before the parties entered into the contract described infra.

The maximum occupancy limits for the lower and upper floors are 160 and 180

respectively as established by the Virgin Islands Fire Department.

¶4    On May 8, 2009, respondent Idealfonso Encarnacion, met with Jones to

negotiate the booking of TPT to host a dance party on May 23, 2009. The parties

further discussed the event on May 12, 2009. Encarnacion represented to Jones

that he expected both, the lower and newly finished, upper floors of TPT to be

available. Jones agreed to make the upper floor available and advised that he

would charge an additional $500.00 for use of that floor. The dance was the first

event held since completion of the upper floor. The parties also discussed

security requirements. Jones emphasized areas where additional security would

be stationed. This included the upper floor next to a stairwell to prevent attendees

from sneaking in from outside. The parties executed a contract for $1,000.00.

Encarnacion paid a $500.00 deposit with the balance due after completion of the

event.

¶5     Paragraph No. 2 of the contract states in part that "The Client will rent out the Night Club facility, located at No. 17J La Grande Princess, Christiansted, St. Croix, V.I. 00820." Ex. 1.   This is the identical language used in prior contracts entered into by TPT prior to the opening of the upper floor.

¶6     Shortly after execution of the contract Encarnacion advertised the event. He included a radio clip with a man and woman discussing the event and enjoying the "new and spacious upstairs and downstairs air conditioned Two Plus Two Night Club." Order, p 3, ¶ 15.   On May 20, 2009, Jones inquired of Encarnacion about the absence of mention of Jones' house disc jockey in the advertisement and Encarnacion advised he would use the house jockey.

¶7     On May 22, 2009, Jones informed Encarnacion that after discussing the matter with his friends, the upper floor would not be available due to fear that the attendees would damage new fixtures on that floor.   Encarnacion advised that Jones' action would jeopardize the profitability of the event.

¶8     On the day of the event, May 23, 2009, Jones declined Encarnacion's request to open the upper floor.   As a result, Encarnacion had to turn away approximately 323 persons since the downstairs of the venue was at full capacity. Encarnacion would have collected the $30.00 ticket price had they not been turned

away. Approximately 475 patrons attended the event and were present on the first floor.[1] To maximize attendance, Encarnacion removed all tables and chairs from the first floor. After reviewing income and expenditures, Encarnacion determined that the event was unprofitable. On May 20, 2011, he filed a Small Claims complaint against TPT alleging lost profits in the amount of $9,690.00 due to Jones' refusal to allow access to the upper floor.

## RULING BY THE MAGISTRATE COURT

¶9 The Magistrate Court held a hearing on June 22, 2011, and issued its order on July 7, 2011. It concluded that the language in the contract, "Night Club Facility", was ambiguous. Order p 6. After considering the testimony and evidence, it concluded that the contract provided for the rental of both the upstairs and downstairs of TPT. Order p 8. It further found that TPT breached the contract by not making the upper floor available which would have allowed for a greater attendance overall and for the posted maximum of 180 persons. Order p 8. The Court thus awarded damages to Encarnacion in the amount of $5,400 (180 x $30) plus court costs of $40.00. Order p 9.

## APPELLATE PROCEEDINGS

---

1 The Magistrate Court inferred this fact from its finding that approximately 475 tickets were sold.

¶10    On July 21, 2011, TPT filed a Notice of Review of the Magistrate Court's

Order.   On October 3, 2014, it filed a petitioner's brief in support of the appeal.

Encarnacion filed his response on October 22, 2014.   No hearing was held on the

petition for review.

## LEGAL ANALYSIS

¶11    Petitioner asserts that the Magistrate Court erred when it concluded that:

a) the parties contracted to rent both the downstairs and upstairs of TPT's business;

b) a contract existed between the parties; and

c) Respondent was entitled to damages.

Pet'r's Br. 2 – 3.   Each argument will be addressed seriatim.

1) <u>The Magistrate's Finding That The Parties Contracted to Rent Both The Upstairs and Downstairs Areas of the Facility Was Not Clearly Erroneous</u>.

¶12    Petitioner challenges the Magistrate Court's factual determination, that the

parties contracted to rent both the upstairs and downstairs of TPT, on grounds that

"there was ample evidence on the record that the night club facility did not include

the restaurant upstairs." Pet'r's Br. 4 (Opp'n).   It argues there was evidence that:

a. The upstairs was used only as a restaurant and not a night club for dancing as per Petitioner's testimony.

b. Petitioner viewed the facility as two completely different venues for purposes of rental- one as a night club for dancing and one as a restaurant;

   c. Per Petitioner's testimony, at no time did Petitioner intend to rent the upstairs to Respondent for the event advertised as a dance; and

   d. The night club facility is not the entire building.

Id. Petitioner, however, cannot make its case simply by identifying facts that support its factual conclusion. To prevail, it must show that the magistrate's decision is either completely devoid of minimum evidentiary support or that it bears no rational relationship to the supportive evidence. Petitioner has not met this burden.

¶13 Here, the following evidence supports the magistrate's factual finding:

   a. As per Respondent's testimony

      - Respondent anticipated a large crowd since one of the performing band had a big hit song and he desired use of upstairs and downstairs. Jones said, "Ok" but it would cost an additional $500. Trial Tr. 5-6, June 22, 2011.

      - Jones emphasized areas where additional security would be stationed on the upper floor next to a stairwell to prevent attendees from sneaking in from the outside. Id. at 8.

   b. As per Carl Pereira's testimony

      - Pereira was present during the rental discussions and Jones said there would be an extra cost for use of the upstairs. Id. at 27-29.

      - Jones increased the cost to $1,000. Id. at 29 – 30.

      - The parties discussed security for the upstairs. Id. at 27.

c. As per John Belle's testimony

- Petitioner contacted Belle about getting additional security for the upstairs. Id. at 68.

¶14    Jones' testimony contradicted this evidence.   He testified that Respondent never asked to rent the upstairs; he did not discuss security for the upstairs with Respondent; and prior to the dance Jones learned that Respondent intended to use the upstairs and downstairs but did not discuss it with Respondent nor take any steps to resolve the matter. Id. at 46 – 48.   It is evident that the Magistrate Court, who had the opportunity to observe the demeanor of the witnesses, found Respondent's testimony more credible.   A review of the record reveals the Magistrate's decision is amply supported by the record and is rationally related to supportive evidence.   Such finding is entitled to deference, and it is not the role of this Court to re-analyze, re-evaluate, or re-weigh it. Fawkes v. Sarauw, 66 V.I. 237, 250 (V.I. 2017).   Accordingly, the Magistrate Court's finding was not clearly erroneous.

2) The Magistrate's Finding That A Contract Existed Between the Parties Was Not Clearly Erroneous.

¶15    Petitioner claims that the record does not support the Magistrate's finding that a contract existed since there was no meeting of the minds. Pet'r's Br. 4.   It argues that "both parties had very different understandings of what areas would

be used by Respondent on the night of the event; and hence no valid contract existed." Id. at 4, 6. This argument is foreclosed by the Magistrate's finding, discussed above, that the parties intended to rent both upstairs and downstairs of the facility.

¶16 The record establishes that the parties executed a written rental agreement. Ex. 1. The agreement provides that Petitioner would rent the "Night Club Facility" in LaGrande Princess and pay $1,000.00. Id. Petitioner does not deny execution of the contract nor receipt of payment. His sole argument is that "Night Club Facility" meant only the downstairs portion of the venue. The Magistrate, however, found that Petitioner did intend to rent both upstairs and downstairs based upon the evidence. As per that finding, there was a meeting of the minds and hence the parties contracted to rent both floors of the facility. This factual finding is amply supported by the record and is rationally related to supportive evidence. As such, it was not clearly erroneous.

### 3) The Magistrate's Damage Award Does Not Violate Public Policy.

¶17 Petitioner argues that Respondent is not entitled to damages because: a) there was no valid contract; and b) a damage award would go against sound public policy. Pet'r's Br. 6. It claims that since the Virgin Islands Fire Code established a maximum capacity of 340 persons (160 upstairs and 180 downstairs) and 475

persons were already in the downstairs area, public policy dictates that there should be no loss of opportunity damages. Id. at 7.

¶18 This Court has already found the existence of a valid contract and recognizes its duty to not enforce contracts that are contrary to public policy and tends to injure the public good. Berne Corp. v. Virgin islands, 46 V.I 106, 115 (Terr. Ct. 2004). Such is not the case here, however.

¶19 The record establishes that Respondent turned away approximately 323 persons since the downstairs of the venue was at full capacity. The Magistrate Court found that Respondent would have collected the $30.00 ticket price from those persons had they not been turned away. The record also establishes that approximately 475 patrons attended the event and were present on the first floor. The Court concluded that had the upstairs been opened, Petitioner would have been able to sell 323 more tickets. However, it reasoned that in light of public policy, Petitioner should not be awarded damages that exceed the allowable limit for the upstairs, i.e., 180 persons. It thus calculated damages using 180 persons at the rate of $30.00 for a total of $5,400.00 (plus $40.00 court costs) due to Petitioner's breach of contract, i.e., its refusal to allow access to the upper floor. Magistrate's Order, pp 8 – 9. Petitioner's argument ignores the fact that the fire code does not prohibit more than 340 people from entering the facility, it prohibits

the presence of more than 340 people <u>at the same time</u>. Further, the pertinent issue is whether more persons could legally have been admitted <u>to the upstairs</u>. Petitioner's contention is that he lost the opportunity to accommodate more patrons upstairs, not downstairs. This Court takes judicial notice that at dance events, people typically come and go; and seldom do all attendees remain for the entire duration of the event. As such, the facility could reasonably have accommodated an additional 180 persons, throughout the duration of the event, without violating the fire code. Accordingly, the Magistrate's award based on lost opportunity to sell 180 more tickets for the upstairs floor does not violate public policy.

## CONCLUSION

¶20 For the reasons mentioned above, this Court concludes that the Magistrate Court's findings that the parties contracted to rent both the upstairs and downstairs floors of Two Plus Two; and that a valid contract existed between the parties were not clearly erroneous. This Court further concludes that Petitioner is entitled to an award of damages, as calculated by the Magistrate, for Respondent's breach of contract. An order consistent herewith will be issued contemporaneously.

_____

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk III

Date: __7.29.2022__